| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| SHERRENE COOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:18-CV-316 |
| | § | |
| J. C. PENNEY CORPORATION, INC., | § | |
| | § | |
| Defendants. | § | |

# ORDER ADOPTING REPORT AND RECOMMENDATION
# AND DISMISSING DEFENDANTS FROM THE CASE

In accordance with 28 U.S.C. § 636(b), the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred this matter to the undersigned United States Magistrate Judge for entry of recommended disposition. On June 20, 2019, Judge Giblin entered his report and recommendation (#43) recommending that the District Court dismiss the following Defendants: J. C. Penney Corporation, Inc., Alight Solutions, LLC, and Alight Administration Solutions LLC (collectively, "Defendants"). The Court agrees with the magistrate judge's findings and conclusions and adopts the report and recommendation.

Plaintiff Sherrene Cook (Cook), a *pro se* litigant, timely filed her *Objections to Report and Recommendation* (Objection). (#45). The Court has reviewed Cook's objections and the Defendants' response (#46) *de novo* in relation to the pleadings, the record, and the applicable law. *See* FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b). After careful consideration, the Court concludes that the objections are without merit.

The Court finds that Plaintiff's Objections did not respond to the basis on which the magistrate judge recommended that Defendants be dismissed from this case. In other words, the Court finds that Cook did not object to the magistrate judge's conclusion that the Benefits Administration Committee (BAC) is the only proper defendant in this case. Rather, Cook merely highlighted instances in which she claims the magistrate judge included incorrect statements of fact and repeated her argument that Defendants did not properly change her address.[1]

With regard to the first set of objections, Cook highlights four[2] instances in which she claims that the magistrate judge stated incorrect facts in the Report. *See* (#45), at pp. 2-4. Plaintiff claims that the magistrate judge incorrectly stated that "Cook called J. C. Penney on June 5, 2012[.]" *Id.* at p. 2 (citing (#43), at p. 2)). Rather, Cook contends that the party she actually called was "Powerline/ J. C. Penney Resource Center[,]" not J. C. Penney.[3] *Id.* at p. 2. Additionally, Cook objects to the magistrate judge's having stated that her attorney sent a letter to J. C. Penney requesting information because she claims she directed her attorney to send the letter to the BAC. *Id.* at p. 4.

The Court does not find the first set of Objections persuasive because they are not material objections to the magistrate judge's determination that the BAC is the only proper defendant.

---

[1] Cook also objects to the magistrate judge stating in the Report that "Defendants sent four notices on the lump sum payment." (#43), at p. 3. Cook objects because Defendants provided no proof of delivery for the four notices. (#4), at p. 4. However, as Defendants note, Plaintiff's Fourth Amended Complaint states the very fact to which Cook objects. (#23), at p. 8 ("Four notices were mailed out on this information but went to a wrong address in a different State."). Because Cook objects to a fact that is in her Complaint, the Court does not find that objection meritorious.

[2] Plaintiff also objects to a footnote in which the magistrate judge identifies the BAC as the recipient of the change of address notice because she claims she sent the notice to Powerline. *Id.* at p. 3 (citing (#43), at p. 2)). The Court finds that the footnote only states that the BAC objected to the claim that she sent the change of address notice at all and finds that the footnote does not state that Plaintiff claimed she sent the notice to BAC rather than Powerline.

[3] Objections 2 and 3 highlight identical instances of alleged misidentification. *Id.* at p. 3.

Indeed, Plaintiff's own Complaint uses "J. C. Penney" interchangeably with the names of individual Defendants and demonstrates that there is no substantive importance in labeling Defendants under the single identifier "J. C. Penney."[1] Additionally, the Complaint contradicts Plaintiff's claim that she did not direct her attorney to send a letter to J. C. Penney, as opposed to the BAC, as she claims. *See id.* at p. 25 (claiming that "J. C. Penney Corporation" did not provide the requested information); *see also id.* at p. 27 ("J. C. Penney failed to provide my [a]ttorney [with] the requested information[.]"). From Plaintiff's own interchanging use of the individual Defendants' names with the name "J.C. Penney," the Court finds that the magistrate judge's decision to consolidate the Defendants under the name "J.C. Penney" is inconsequential. In any event, the magistrate judge clearly distinguished between the Defendants and the BAC regarding the authority to control the administration of benefits. Thus, even if the Court found that the Report imprecisely referred to the various parties under the single name "J. C. Penney," Cook's objections do not relate to, or affect, the magistrate judge's valid conclusion that the BAC is the only proper defendant.[2]

The second set of Plaintiff's Objections reiterates her argument that her address was not updated correctly, but Cook does not present any specific objections to the magistrate judge's

---

[1] For example, Cook claims she missed important information regarding her benefits "[b]ecause Powerline/ J.C. Penny [sic] Benefits Resource Center/ J. C. Penney Corporation Inc. failed to update [her] current address." (#23), at pp. 8-9.

[2] Additionally, the Court agrees with Defendants that there is no evidence in the record for Cook's claim that "Powerline/J.C. Penney Resource center is managed by the Alight Parties." *See* Defendants' Response (#46), at p. 4 n.2; Plaintiff's Objections (#45), at p. 2. In any event, Plaintiff does not present any reason why that statement would be relevant to her Objections.

determination that the BAC is the only proper defendant.[1]  Indeed, Plaintiff agrees that the BAC controls administration of the benefits plan and has ultimate authority to determine eligibility for benefits. (#45), at p. 4. To the extent Cook refers to the Report and Recommendation, she primarily objects to the portions of the Report in which the magistrate judge summarizes her arguments against the Defendants' motion to dismiss. *See id.* at p. 5 (citing (#43), at pp. 4-5). Plaintiff reiterates her claim that Defendants "bear full responsibility [for] changing [her] address" and that, contrary to Powerline's determination, she "took responsibility in updating her address." (#45), at pp. 5-6.  In other words, Cook does not object to any portion of the magistrate judge's analysis that the BAC is the only proper defendant.

Based on Plaintiff's failure to properly object to the magistrate judge's report and recommendation, and her failure to identify any error in the magistrate judge's determination that the BAC is the only proper defendant, the Court adopts Judge Giblin's findings and legal conclusions as the findings and conclusions of the Court.

The Court therefore **ORDERS** that Judge Giblin's Report and Recommendation (#43) is **ADOPTED**. The Court further **ORDERS** that the Defendant's motion to dismiss (#24) is **GRANTED**. Finally, pursuant to Judge Giblin's recommendation, it is **ORDERED** that the Plaintiff's claims against Defendants J. C. Penney Corporation, Inc.; Alight Solutions LLC; and Alight Administration Solution LLC are **DISMISSED**, with prejudice.

---

[1] Cook also states that the reason she did not present the Court with any indication of corporate wrongdoing was because the Defendants did not respond to her attorney's request for information. *See id.* at pp. 5-6. The Court is not persuaded by that claim because allegations of fraud must be pled specifically to prevent plaintiffs from alleging fraud in general terms in hopes of discovering wrongdoing for which a defendant could be liable. *See Norman v. Apache Corp.*, 19 F.3d 1017, 1022 (5th Cir. 1994) (internal quotation and citation omitted).

SIGNED at Beaumont, Texas, this 27th day of September, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE